IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


ROBERT ALLEN                                                    PLAINTIFF

      v.                              CIVIL NO. 3:15-CV-03064-TLB-MEF

SHERIFF MIKE MOORE, ET. AL.                                   DEFENDANTS


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Robert Allen, filed this case *pro se* pursuant to 42 U.S.C. § 1983 on August 3, 2015, in the Eastern District of Arkansas. (Doc. 2)  The case was properly transferred to this District on August 4, 2015.  (Doc. 3) Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act.  Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

I.     **BACKGROUND**

Plaintiff is currently incarcerated in the Hancock County Public Safety Complex. In Plaintiff's Complaint, among others, he named the State of Arkansas.

Plaintiff seeks to have his name cleared of all charges, a monetary cash settlement, and a public apology.  (Doc. 2)

1

## II.    APPLICABLE LAW

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

## III.    DISCUSSION

Plaintiff listed the State of Arkansas as a Defendant.  A state is not a "person" against which suit may be brought under § 1983.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *see also Alsbrook v. City of Maumelle,* 184 F.3d 999, 1010 (8th Cir. 1999) ("a section 1983 suit cannot be brought against the State").

## IV.    CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's claims against the State of Arkansas be **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a).  Plaintiff's claims against all other Defendants remain for further resolution.  Service will be addressed by separate order.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of**

fact.  **The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 6th day of November, 2015.

/s/   *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE